IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON BENNETT, on behalf of himself and all others similarly situated, | * * * | Civil Action No. 16-cv-291 |
| Plaintiff, | * | CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 et seq. (TELEPHONE CONSUMER PROTECTION ACT) |
| v. | * * | |
| | * | |
| GODADDY.COM, LLC, | * | PLAINTIFF DEMANDS TRIAL BY STRUCK JURY. |
| Defendant. | * * | |

## COMPLAINT

This case arises from the intentional and repeated efforts of Defendant to market its business in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (hereinafter referred to as the "TCPA"). Plaintiff and Class Members now come to this Honorable Court seeking injunctive relief, a judgment against Defendant for violations of the TCPA, statutory damages as set forth in the statute, the costs incurred in this action, and for such other, further and different relief to which Plaintiff and Class Members may be entitled under the circumstances. As more specific grounds therefore, Plaintiff and Class Members allege on personal knowledge, investigation of undersigned counsel, and on information and belief as follows:

### PARTIES

#### PLAINTIFF

1. Plaintiff Jason Bennett (herein after referred to as "Plaintiff") is a natural person who is a resident of Baldwin County, Alabama, and is over the age of 19.

2. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

**DEFENDANT**

3. Defendant, Godaddy.com, LLC (herein after referred to as "Defendant"), is a Delaware corporation with its principal place of business in Arizona.

4. Defendant is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

**JURISDICTION AND VENUE**

5. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as the "CAFA"), codified as 28 U.S.C. §1332(d)(2). The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class, of at least thousands, is entitled to damages of up to $1,500.00 for each call made by Defendant in violation of the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

7. This Court has Federal Question jurisdiction pursuant to 28 U.S.C. §1332 and 47 U.S.C. §227.

8. Venue is proper in the United States District Court for the Southern District of Alabama, Southern Division because a substantial part of the events or omissions giving rise to this claim occurred, among other locations, in Baldwin County, Alabama. The event or omissions which took place in Baldwin County, Alabama, include the "telemarketing calls" or "telephone solicitation" calls placed by Defendant to Plaintiff in Alabama to promote Defendant's business.

9. Venue is also proper in this District because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is

commenced, and because Defendant's contacts with this District are sufficient to subject Defendant to personal jurisdiction.

## PLAINTIFF'S FACTUAL ALLEGATIONS REGARDING TELEMARKETING CALLS

10. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

11. Plaintiff has used the same cellular telephone number [(251) 654-1830 (hereinafter referred to as "Plaintiff's telephone")] for many years.

12. Plaintiff has received more than five (5) telephone calls from Defendant within the past year.

13. The calls placed to Plaintiff's cellular telephone were initiated by Defendant using an automatic telephone dialing system (ATDS), as defined in 47 U.S.C. §227(a)(1).

14. When connected, a representative of Defendant would inform Plaintiff that a service previously provided to Plaintiff by Defendant had recently expired, and the representative would offer to renew the expired service.

15. The calls placed to Plaintiff were each a "telemarketing call" or "telephone solicitation," as defined in 47 U.S.C. § 227(a)(4). Each call was placed to promote Defendant's business. Alternatively, each call served a dual purpose in that each call was placed to inform Plaintiff that the subject service had expired, and to encourage Plaintiff to purchase additional services from Defendant, and were each motivated by Defendant's desire to sell additional services to Plaintiff.

16. The telemarketing calls made to Plaintiff's phone were made by, on behalf of, and/or at the direction of Defendant.

17. Plaintiff has not provided his prior express written consent, as defined by 47 C.F.R. §64.1200, to be contacted by Defendant for telemarketing purposes using an ATDS or an artificial or prerecorded voice.

18. The calls placed to Plaintiff's telephone by Defendant were not made for "emergency purposes," as defined in 47 C.F.R. §64.1200.

19. All of the calls placed to Plaintiff's telephone by Defendant were made intentionally, without Plaintiff's prior express written consent, and in plain violation of the TCPA.

20. As a result of Defendant's conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS or an artificial or prerecorded voice.

21. Because each of the telemarketing calls placed to Plaintiff's telephone using an ATDS or an artificial or prerecorded voice were made intentionally, willfully and/or knowingly by Defendant, an award of statutory damages may be increased to as much as $1,500.00 for each of the subject telemarketing calls.

22. Plaintiff is entitled to injunctive relief to prohibit further telemarketing calls being placed to his telephone by Defendant using an ATDS or an artificial or prerecorded voice.

## CLASS ACTION ALLEGATIONS

23. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

24. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Rule 23, *Federal Rules of Civil Procedure*.

25. Plaintiff proposes the following Class definition, subject to amendments as appropriate:

All persons within the United States who, since two (2) year prior to the filing of this Complaint through the date of the certification of a class herein, received a call placed to a cellular telephone line by or on behalf of Defendant that included or introduced an advertisement or constituted telemarketing, and was initiated using an automatic telephone dialing system, absent the prior express written consent of the called party to receive such calls.

Collectively all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class.

26. Excluded from this Class are all persons who have already settled or otherwise compromised their claims against Defendant. Also excluded from the Class are the Defendant, and any entity in which the Defendant has a controlling interest, the Defendant's agents and employees, and Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and all people who submit timely and otherwise proper requests for exclusion from the Class.

27. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class Members number, at minimum, in the thousands.

28. Plaintiff and all Class Members have been harmed by the acts of the Defendant.

29. This Class Action seeks injunctive relief and money damages.

30. The joinder of all Class members is impracticable due to the size of the Class and the relatively modest value of each individual claim.

31. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

32. The Class can be identified easily through records maintained by Defendant.

33. There are well defined, nearly identical, questions of law and fact affecting all parties.

34. Such common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant used an automatic telephone dialing system to place non-emergency telephone calls to Class Members' telephones;

   b. Whether Defendant can meet its burden of showing that it obtained prior express written consent to use an automatic telephone dialing system to place non-emergency telephone calls to Class Members' telephones;

   c. Whether the calls placed to Class Members were telemarketing calls or telephone solicitations, as defined in 47 U.S.C. § 227(a)(4); or alternatively, whether such calls served a dual purpose in what each call was placed to inform Class Members that a service had expired, and to encourage Class Members to purchase additional services from Defendant, and were motivated by Defendant's desire to sell additional services to Class Members.

   d. Whether Defendant's conduct was knowing and/or willful;

   e. Whether Defendant is liable for minimum statutory damages;

   f. Whether Defendant is liable for treble damages; and,

   g. Whether Defendant should be enjoined from engaging in such conduct in the future.

35. Plaintiff's TCPA claim is typical of each Class Member. Plaintiff received non-emergency telemarketing call on his telephone promoting Defendant's business, placed by or at the direction of Defendant and using an automatic telephone dialing system. The calls were made without Plaintiff's prior express written consent as defined by the TCPA,

36. Plaintiff will fairly and adequately represent and protect the interests of the Class.

37. Plaintiff has no interests that are antagonistic to any Class Member.

38. Plaintiff has retained counsel experienced in handling claims involving violations of federal consumer protection statutes, including claims under the TCPA.

39. A class action is the superior method for the fair and efficient adjudication of this controversy.

40. Class wide relief is essential to compel Defendant to comply with the TCPA.

41. The interest of the Class Members in individually pursuing claims against Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter Defendant from engaging in the same behavior in the future.

42. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were all non-emergency telephone calls placed to Class Members' telephones by Defendant, using an automatic telephone dialing system without Class Members' prior express written consent as required by the TCPA.

43. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

44. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227** *et seq*.

45. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §227 *et seq*.

47. As a result of Defendant's violations of 47 U.S.C. §227 *et seq.*, Plaintiff and each Class Member is entitled to an award of $500.00 in statutory damages for each call made in violation of the statute, pursuant to 47 U.S.C. §227 (b)(3)(B).

48. Plaintiff and Class Members are also entitled to, and do seek, injunctive relief prohibiting Defendant from making future telemarketing calls in violation of the TCPA.

## SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *et seq.*

49. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §227 *et seq*.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff and each Class Member is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. §227 (b)(3).

52. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays that this Honorable Court grant Plaintiff and all Class Members the following relief:

A. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses

    the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers representing Plaintiff as counsel for the Class;

 B. As a result of Defendant's statutory violations of 47 U.S.C. §2727(B)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages for each call that violated the TCPA;

 C. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(B)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500.00 for each call that violated the TCPA;

 D. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

 E. Such other, further, and different relief to which Plaintiff and the Class Members may be entitled and that this Honorable Court may deem just and proper.

## JURY DEMAND

Due to the intentional and premeditated actions of Defendant, Plaintiff, for himself and on behalf of the Class Members, has come to this Honorable Court and demanded judgment against Defendant for the aforesaid statutory damages, plus interest and the costs incurred in this action.  Plaintiff, for himself and on behalf of the Class Members, also seeks such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper.  In order to fairly determine the validity of the facts set forth herein and determine the amounts due Plaintiff and Class Members from Defendant, Plaintiff, on behalf of himself and Class Members, hereby **DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

s/ John R. Cox
John R. Cox (COX030)
Attorney for Plaintiff and Proposed Class
9786-A Timber Circle
Spanish Fort, Alabama 36527
251.517.4753
jrc@jrcoxlaw.com

**Defendant to be served via certified mail as follows:**

GoDaddy.com, LLC
c/o Go Daddy Operating Company LLC
14455 N. Hayden Road, #219
Scottsdale, AZ 85206